UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSEPH GIKUNJU MASYA,

        Petitioner,

    v.

DEPARTMENT OF HOMELAND
SECURITY,

        Respondent.

CAUSE NO. 3:26cv172 DRL-SJF

## ORDER

Immigration detainee Joseph Gikunju Masya, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pursuant to Section 2254 Habeas Corpus Rule 4, which the court may apply to petitions under § 2241, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Mr. Masya alleges he has been in the custody of United States Immigration and Customs Enforcement (ICE) since October 31, 2024. He says he was ordered removed on July 1, 2025, and he appealed the removal order to the Board of Immigration Appeals (BIA). The appeal remains pending. He has been in ICE custody for 15 months and asks the court to grant him release.

Based on the allegations in the petition, Mr. Masya has not provided a basis for the court to find that his detention is unlawful. The statutory basis for his detention depends on the status of his removal proceedings. Section 1226 governs his detention "pending a

decision on whether [he] is to be removed from the United States." 8 U.S.C. § 1226(a) Then, the authority for his detention switches to § 1231 when he enters the "removal period," defined by statute as the latest of (1) when the order of removal becomes administratively final, (2) when a reviewing court issues a final order (if he seeks judicial review of the removal order and the reviewing court orders a stay of removal), or (3) when he is released from non-immigration custody, such as a state prison sentence. 8 U.S.C. § 1231(a)(1)(B). During the 90-day removal period, detention is mandatory. *See* 8 U.S.C. § 1231(a)(1); *see also Zadvydas v. Davis*, 533 U.S. 678, 689 (2001) (discussing limits on post-removal-period detention).

Mr. Masya's pending BIA appeal suggests that his removal order is not yet final, so his detention is likely governed by 8 U.S.C. § 1226. He does not say what reasons immigration officials have given him for his continued detention, nor does he say whether he sought a custody redetermination before an immigration judge under 8 C.F.R. § 1236.1(d). Without more information about the steps he has taken to be released, the court cannot find that his current detention might be unlawful.

Mr. Masya bears the burden of proving that he is being held in violation of the Constitution or laws of the United States and is entitled to release. *See* 28 U.S.C. § 2241; *see also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court to effectively impose on the Government the burden of proving that [petitioner] was *not* in custody in violation of the Constitution or laws or treaties of the United States'"

under § 2241); *Flores v. Noem*, No. 9:25cv00307, 2026 WL 44238, 1 (E.D. Tex. Jan. 2, 2026) ("In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully."). His petition does not provide enough information to order the respondent to answer the petition.

Additionally, Mr. Masya names as the respondent the Department of Homeland Security. The Department of Homeland Security is not Mr. Masya's "immediate custodian" and does not exercise "day-to-day control" over Miami Correctional Facility, where he is being held. *Kholyavskiy v. Achim*, 443 F.3d 946, 953 (7th Cir. 2006). Relying on *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the court of appeals there concluded the proper respondent in an immigration habeas case challenging the constitutionality of a petitioner's confinement is the warden of the facility where the petitioner is being held, not a supervisory official who has the authority to free the petitioner. Therefore, if Mr. Masya chooses to file an amended petition, he must name as the respondent his immediate custodian, the Warden of Miami Correctional Facility.

For these reasons, the court GRANTS Joseph Gikunju Masya until **April 27, 2026**, to file an amended petition that addressed the issues raised in this order and CAUTIONS him if he does not file an amended petition by the deadline, this case will be dismissed without further notice.

SO ORDERED.

March 25, 2026                           *s/ Damon R. Leichty*
                                         Judge, United States District Court